# CASE NO. 22-3958

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

### UNITED STATES OF AMERICA,

*Plaintiff- Appellee,*

**vs.**

### KENNETH JACKSON JR.,

*Defendant-Appellant.*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION
1:15cr453

## PETITION FOR REHEARING
## OR REHEARING EN BANC

**KEVIN M. CAFFERKEY, (#0031470)**
Attorney for Defendant/Appellant
55 Public Square
2100 Illuminating Building
Cleveland, OH 44113
(216) 363-6014
kmcafferkey@hotmail.com

# **TABLE OF CONTENTS**

PAGE NO.

TABLE OF CASES, STATUES, AND OTHER AUTHORITIES ..............................ii

STATEMENT IN SUPPORT OF REHEARING OR REHEARING EN BANC......................... iv

BACKGROUND....................................................................................1

ARGUMENT........................................................................................3

    I.    THE PANEL MAJORITY'S INTERPRETATION IS CONTRARY TO THE TEXT OF THE FIRST STEP ACT, INCONSISTENT WITH THE RESULTS CONGRESS SOUGHT TO ACHIEVE, AND CONFLICTS WITH OTHER CIRCUITS RESULTING IN A MANIFEST INJUSTICE.

CONCLUSION...................................................................................13

CERTIFICATE OF COMPLIANCE....................................................14

CERTIFICATE OF SERVICE........................................................15

# TABLE OF CASES, STATUTES, AND OTHER AUTHORITIES

**Cases**

*Hughey v. United States*, 495 U.S. 411 (1990) ........................................................8

*United States v. Acosta*, 16-CV-401-MAT, 03-CR-11-MAT, 2019 WL 4140943 (W.D.N.Y. June 18, 2019) ...........................................................................8

*United States v. Arnold*, 947 F.2d 1236 (5th Cir. 1991) ..........................................8

*United States v. Bethea*, 841 F. App'x 544 (4th Cir. 2021) ...............................1, 11

*United States v. Brown*, No. 18-434-CR, ___ F.3d ___, 2019 WL 3849553 (2d Cir. Aug. 16, 2019) ..........................................................................8, 9

*United States v. Carpenter*, 2023 FED App. 0209N (6th Cir. 2023) ..........11, 12, 13

*United States v. Jackson*, 918 F.3d 467 (6th Cir. 2019) .......................................1, 3

*United States v. Jackson*, 995 F.3d 522 (6th Cir. 2021) ............................................1

*United States v. Jackson*, 2023 FED App. 0536 (6th Cir. 2023) ...................1, 11, 12

*United States v. Flanagan*, 80 F.3d 143 (5th Cir. 1996) ..........................................8

*United States v. Grimes*, 142 F.3d 1342 (11th Cir. 1998) ........................................8

*United States v. Guardino*, 972 F.2d 682 (6th Cir. 1992) ........................................8

*United States v. Henry*, 983 F.3d 214 (6th Cir. 2020) ...................................2, 4, 5, 9

*United States v. Hinds*, 713 F.3d 1303 (11th Cir. 2013) ..........................................8

*United States v. Merrell*, 37 F.4th 571 (9th Cir. 2022) .......................................1, 11

*United States v. Mitchell*, 38 F.4th 382 (3d Cir. 2022) .......................................1, 11

*United States v. Moore*, 131 F.3d 595 (6th Cir. 1997) .............................................4

*United States v. Uriarte*, 975 F.3d 596 (7th Cir. 2020) .............................1, 7, 8, 12

**Statutes**

18 U.S.C. § 924..................................................................................3, 4, 7, 9

18 U.S.C. § 3553................................................................................2, 8, 11

**Other**

First Step Act § 401............................................................................1, 12, 13

First Step Act § 403............................................................................PASSIM

U.S.S.G. § 5C1.2................................................................................8

## **STATEMENT IN SUPPORT OF REHEARING OR REHEARING EN BANC**

The decision to not apply the First Step Act § 403 at Jackson's resentencing hearing was erroneous and resulted in a manifest injustice because the Opinion disregards basic rules of grammar, statutory interpretation, conflicts with every other circuit to address the issue, and imposes draconian punishment on Kenneth Jackson, despite Congress's clear directive to end such practices. *See, United States v. Jackson*, 918 F.3d 467 (6th Cir. 2019) (Jackson I), *United States v. Jackson*, 995 F.3d 522 (6th Cir. 2021) (Jackson II), and *United States v. Jackson*, 2023 FED App. 0536 (6th Cir. 2023) (Jackson III).

The panel should rehear this case or the Court should grant rehearing en banc because this case involves a question of exceptional importance. All other circuits that have considered the meaning of "a sentence" in the First Step Act have disagreed with the holding(s) in *Jackson*, conclusively determining that "a sentence" does not encompass a vacated sentence. *United States v. Mitchell*, 38 F.4th 382, 386–89 (3d Cir. 2022); *United States v. Merrell*, 37 F.4th 571, 575–76 (9th Cir. 2022); *United States v. Bethea*, 841 F. App'x 544, 549–51 (4th Cir. 2021) (analyzing an identical provision in § 401(c)); see also *United States v. Uriarte*, 975 F.3d 596, 601–06 (7th Cir. 2020) (en banc) (analyzing whether the Act applies to defendants whose sentences were vacated before December 21, 2018, but noting

1

that vacatur renders a sentence "a nullity" and "wipe[s] the slate clean") (citation omitted).

Because the Sixth Circuit has split from every other circuit to address this issue, defendants in Kentucky, Michigan, Ohio, and Tennessee will have to serve decades longer sentences than defendants who were convicted of the exact same conduct in most of the other states, which further violates the principles of 18 U.S.C. § 3553(a) and fundamental fairness. This case presents both an intra-and inter-circuit conflict, further weighing in favor of en banc review. *United States v. Henry*, 983 F.3d 214 (6th Cir. 2020).

This Court's interpretation of the language of The First Step Act in *Jackson* is contrary to the text of the statute and settled background sentencing principles articulated by the Court, warranting en banc consideration.

## PROCEDURAL BACKGROUND

On August 23, 2017, twenty (20) year old Kenneth J. Jackson was sentenced to 771 months imprisonment after being convicted after a jury trial of three (3) counts of carjacking and three (3) counts of using, carrying, or possessing a firearm during a crime of violence. When he was sentenced in 2017, the law required a mandatory minimum of 57 years' imprisonment for his three (3) convictions under 18 U.S.C. §924(c), consecutive to any other sentence imposed. At his first sentencing hearing, the district court imposed a sentence of 57 years for the §924(c) convictions (7-years, plus 25-years, plus 25-years), consecutive to 87 months for his underlying offense.

On his first appeal, this Court reversed one §924(c) conviction because Mr. Jackson should not have been convicted of two §924(c) violations for a single use of a firearm, vacated his entire sentence, and remanding his case for a full resentencing hearing on March 12, 2019. *United States v. Jackson,* 918 F.3d 467, 494, 495 (6th Cir. 2019). This Court did not address Jackson's argument that his sentence was substantively unreasonable because the Court remanded his case for resentencing. *Id.* This Court's specifically stated:

> "Jackson's conviction for violation of § 924(c) under Count 11 is VACATED and we remand for resentencing. The remainder of Jackson's convictions, as well as Palmer's convictions and sentence, are AFFIRMED."

3

"In the absence of an explicit limitation, the remand order is presumptively a general one." *United States v. Moore*, 131 F.3d 595, 598 (6th Cir. 1997).

While his case was pending on appeal, Congress passed the First Step Act of 2018 ("FSA" or "Act"). The First Step Act was a culmination of a years-long effort to undertake much needed correctional, sentencing, and criminal justice reform; support for the Act was "not just bipartisan; it [was] nearly nonpartisan." 164 Cong. Rec. S7, 737, S7, 749 (daily ed. Dec. 18, 2018). Among other reforms, §403 of the Act clarified that multiple §924(c) convictions in the same case do not subject defendants to consecutive 25-year mandatory minimum sentences unless they had previously been convicted of violating §924(c) in a prior case. *Henry,* 983 F.3d at 217. As a result, "stacking" of § 924(c) convictions was no longer permitted in order to obtain the higher 25-year term set forth in §924(c).

Under the FSA, Mr. Jackson's mandatory minimum sentence for the two (2) remaining §924(c) convictions went from 32 years to 14 years. At Mr. Jackson's post-FSA first resentencing hearing, the district court correctly applied the FSA and sentenced him to a total combined sentence of 23 years imprisonment, 14 years for the §924(c) convictions, consecutive to 108 months for the other convictions. The parties cross-appealed. On appeal, a split panel of this Court reversed. Although the Court had already held in *Henry,* 983 F.3d at 222-225, that a defendant whose pre-FSA sentence was vacated *before* the FSA was enacted is

4

entitled to the benefit of the FSA in a post-FSA resentencing, the panel majority in *Jackson,* Slip Op. at 4, held that a defendant whose pre-FSA sentence was vacated *after* the FSA was enacted, is not. Honorable Judge Karen Nelson Moore dissented, arguing that the plain language, structure, and purpose of First Step Act § 403 suggest that this provision should apply to Jackson's resentencing. Judge Moore concluded: "When we vacated Jackson's sentence in 2019, we rendered Jackson's sentence a legal nullity for the purposes of First Step Act § 403. For this reason, I would affirm the district court, which properly resentenced Jackson. I respectfully dissent."

Mr. Jackson requested En Banc relief in the Sixth Circuit and filed a Petition for a writ of certiorari to the United States Supreme Court on this issue, which was denied on March 9, 2022.

Mr. Jackson appeared before Honorable Judge Gaughan for his second resentencing hearing on November 1, 2022. The Court stated that it did not have a choice other than to impose the mandatory thirty-two (32) years required by the Sixth Circuit for Counts 2 and 7. As a result, the Court imposed a sentence of 12 months as to Count 1, 6 & 10, 84 months as to Count 2 to be served consecutively and 300 months on Count 7 to be served consecutively for a total of three hundred and ninety-six (396) months. The Court stated that it was bound by the Sixth Circuit, regardless of the fact that no other Circuit seems to agree with the Sixth

Circuit, and regardless of the fact that the Department of Justice also does not agree with the Sixth Circuit. *Id*. at PID 3058. Kenneth Jackson appealed his sentence for the third time.

On December 1, 2023, this Honorable Court issued its split Opinion stating that it found no reason to disturb the prior holdings. Honorable Judge Karen Nelson Moore concurred in part and dissented in part, stating "Although I agree with the majority that there is no reason to disturb Jackson I, I would hold that Jackson II was clearly erroneous and would work a manifest injustice because it disregards basic rules of grammar and statutory interpretation, conflicts with every other circuit to address the issue, and imposes draconian punishment on defendants, such as Jackson, despite Congress's clear directive to end such practices. I therefore respectfully dissent from Part II.A of the majority opinion." Further stating that Jackson II is clearly erroneous and would work a manifest injustice.

## **ARGUMENT**

It is clear that the legislative intent of the First Step Act, the language of the First Step Act, DOJ policies, and decisions from various other circuits, would require the Court to apply the First Step Act to Kenneth Jackson at his re-sentencing hearing. Congress instructed all Judge's that when sentencing a Defendant for more than one violation of § 924(c), after the date of the enactment of the First Step Act, December 21, 2018, then the First Step Act applies to that sentencing hearing, regardless of when the offense occurred. Had Congress wanted to limit the use of non-retroactive changes in sentencing law, then it could have excluded the language "if a sentence for the offense has not been imposed as of such date of enactment" from the text of the Act.

This Honorable Court's previous Opinion is contrary to the very legislative purpose of the First Step Act. Congress enacted the First Step Act to eliminate the very draconian mandatory-minimum sentence requirements at issue here. Congress abolished these mandatory minimum stacked sentences after determining they were excessive, unfair, and unjust. Courts throughout the country have determined that defendants facing resentencing after the First Step Act are entitled to the application of the reduced penalties in §§401 and 403 of the Act. In the rare instances in which the government has appealed these determinations, they have been affirmed. *See, e.g., United States v. Uriarte*, 975 F.3d 596 (7th Cir. 2020) (en


banc), In addition, the Western District of New York has also determined that a Defendant is entitled to the benefit of Section 403 of the First Step Act of 2018 at a resentencing hearing. *United States v. Acosta*, 16-CV-401-MAT, 03-CR-11-MAT, 2019 WL 4140943 (W.D.N.Y. June 18, 2019). The Court in *Acosta*, stated in part:

> "The general rule is that a defendant should be sentenced under the law in effect at the time of sentencing." *United States v. Grimes*, 142 F.3d 1342, 1351 (11th Cir. 1998) (citing, inter alia, *United States v. Guardino*, 972 F.2d 682, 687 (6th Cir. 1992)); *Hughey v. United States*, 495 U.S. 411, 413 n. 1 (1990) (agreeing with the lower court's implicit conclusion that the law in effect at the time of sentencing controls), superseded by statute on other grounds as noted in *United States v. Arnold*, 947 F.2d 1236, 1237 (5th Cir. 1991)). As relevant here, the rule has been interpreted to mean that an intervening change in statutory law applies at a resentencing even though the change in law was not the basis for reversal or vacatur. *See, e.g., United States v. Hinds*, 713 F.3d 1303, 1304 (11th Cir. 2013) (per curiam) (the Fair Sentencing Act applies to defendants whose offenses occurred prior to August 3, 2010, the date on which the statute took effect, but who were resentenced after August 3, 2010); *United States v. Flanagan*, 80 F.3d 143, 144 (5th Cir. 1996) ("safety valve" provision, 18 U.S.C. § 3553(f); U.S.S.G. § 5C1.2, enacted after defendant's original sentencing, applied to resentencing on remand)

*Id*. The Second Circuit has also stated that § 403 of the First Step Act can apply on remand. (*citing United States v. Brown*, No. 18-434-CR, ___ F.3d ___, 2019 WL 3849553, at *4 & n.1 (2d Cir. Aug. 16, 2019) ("Resentencing will also afford Brown the opportunity to argue that he should benefit from section 403(b) of the First Step Act of 2018.")).

Federal Rule of Appellate Procedure 35 provides that rehearing en banc ordinarily will not be ordered unless either of two requirements are met: (1) "en banc consideration is necessary to secure or maintain uniformity of the court's decisions," or (2) "the proceeding involves a question of exceptional importance." This case more than satisfies both requirements.

## A.    MAINTAIN UNIFORMITY.

*Jackson* is irreconcilable with this Court's previous decision in *United States v. Henry*, 983 F.3d 214 (6th Cir. 2020). *Henry* held that defendants whose sentences under 18 U.S.C. § 924(c) were vacated before the First Step Act's effective date should be sentenced under the Act's amended § 924(c) at resentencing. Yet *Jackson* read the Act's retroactivity provision not to apply to anyone who had received "a sentence" as a matter of "historical fact" before the Act's effective date—even if the sentence was void. The critical question is whether "a" sentence had ever been imposed as a historical matter, then Henry is in direct conflict. *Id*. at 527. Section 403(b) provides:

> APPLICABILITY TO PENDING CASES.—This section, and the amendments made by this section, shall apply to any offense that was committed before the date of enactment of this Act, if a sentence for the offense has not been imposed as of such date of enactment.

First Step Act of 2018, Pub. L. No. 115-391, § 403, 132 Stat. 5194, 5221–22. This language raises the question of whether "a sentence" refers to a historical fact or

9

one with legal effect—i.e., does it encompass a prior, invalid sentence or does it require an existing, valid one?

Beginning with the text, *Jackson* failed to account for the common-law meaning of "a sentence" and the effect of vacatur on "a sentence." If a pre-Act sentence is later vacated, then that sentence was void from the start, including on the date the Act was enacted. That meaning, in turn, comports with the Act's purpose—to reduce the harsh length of mandatory-minimum sentences for certain crimes for defendants awaiting sentencing for those crimes. Section 403(b) refers not to a district court's past action, but rather to a sentence's ongoing condition. First, Congress wrote the statute in the passive voice—"a sentence" is the thing that "has been imposed." There is no mention of the district court. Second, if the text were referring to an act that occurred at a specific time in the past (like when a district court "imposed" an invalid sentence at an earlier sentencing), then the correct verb tense would have been the past tense or even the past-perfect tense. The Act's use of the present-perfect tense indicates that it is not asking about an act at a specific time in the past, rather, it is concerned with a condition that "comes up to and touches the present." If there is an "ordinary meaning" to this language, it supports the Act's application to Jackson at his resentencing hearing.

Jackson also splits from all other circuits to have addressed the question. See *United States v. Mitchell*, 38 F.4th 382 (3d Cir. 2022); *United States v. Merrell*, 36

F.4th 571 (9th Cir. 2022); *United States v. Bethea*, 841 F. App'x 544 (4th Cir. 2021). This case, then, presents both an intra-circuit and inter-circuit conflict, weighing in favor of en banc review.

### B. QUESTION OF EXCEPTIONAL IMPORTANCE.

The *Jackson* decision to not apply the First Step Act frustrates the basic federal sentencing requirement that sentences be "sufficient, but not greater than necessary, to comply with' the purposes of sentencing." *United States v. Carpenter*, 2023 FED App. 0209N, at *2 (6th Cir. 2023) (quoting 18 U.S.C. § 3553(a)). As Honorable Judge Bloomekatz states while dissenting in *Carpenter*, which relied upon the holding in *Jackson* II:

> The real human costs that this esoteric legal issue presents also should not be overlooked. Because our circuit has split from every other to reach this issue, defendants in Kentucky, Michigan, Ohio, and Tennessee will often have to serve decades longer sentences than those in most of the other states. Carpenter proves this point. His sentence is eighty years longer than it would be if he had been resentenced in the seventeen states that comprise the Third, Fourth, and Ninth Circuits. *See Dissent* at 7. The resulting sentencing disparity, along with the other reasons I have outlined, should give us pause enough to consider the decision as a full court. Indeed, the circuit split, the federal government's position, the dissent from then-Judge Barrett in *Uriate*, and the dueling opinions on this en banc petition underscore that the scope of the retroactivity provision is far from clear. *See United States v. Uriate*, 975 F.3d 596, 606–09 (7th Cir. 2020) (en banc) (Barrett, J., dissenting).

11

*Id*. at \*13. Honorable Judge Griffen also dissented in *Carpenter*, stating that *Jackson* was wrongly decided and this case involves a question of exceptional importance, stating:

> When "construing a statute, courts ought not deprive it of the obvious meaning intended by Congress, nor abandon common sense." Uriarte, 975 F.3d at 603 (citation omitted). We did so in Jackson, and today, we miss an opportunity to correct our error. For these reasons, and those set forth in Judge Moore's dissent in Jackson, I respectfully dissent from the denial of Carpenter's unopposed petition for rehearing en banc.

*Id*. at \*7, 11. There is no basis to disagree with the other circuits that have addressed this issue.

As Honorable Judge Moore acknowledges, even the government agrees that Jackson II was incorrect. *United States v. Jackson*, 2023 FED App. 0536, \*26-27 (6th Cir. 2023). Honorable Moore further states:

> In terms of whether Jackson II would work a manifest injustice, the import of this decision is clear. As Judge Griffin stated in Carpenter, Jackson II not only affects defendants arguing that § 403 should apply to them at resentencing, but it will likely impact how this circuit interprets § 401(c) of the First Step Act, which uses identical language. *See Carpenter*, 80 F.4th at 795 (Griffin, J., dissenting from denial of rehearing en banc) ("[O]ur interpretation of the statutory language at issue matters to more than just cases involving firearms …
>
> The Act uses identical language in § 401(c), which applies the Act's benefits to offenders sentenced for certain drug offenses…. How we interpret this language will continue to matter for years to come, as defendants'

12

>pre-Act sentences or convictions are considered (and potentially vacated) on post-conviction review…" (citations omitted)). And, as Judge Bloomekatz explained, "[t]he real human costs that this [*27] esoteric legal issue presents … should not be overlooked." *Id*. at 796 (Bloomekatz, J., dissenting from denial of rehearing en banc). For example, Jackson's sentence is five years longer and Carpenter's "sentence is eighty years longer than [they] would be if [these defendants] had been resentenced in the seventeen states that comprise the Third, Fourth, and Ninth Circuits. The resulting sentencing disparity … should give us pause …" *Id*. at 797. I would therefore hold that Jackson II would work a manifest injustice.

*Id*. at *26-27. Based upon the foregoing, Kenneth Jackson respectfully requests this Honorable Court to determine that en banc consideration is necessary to secure or maintain uniformity of the court's decisions and/or this proceeding involves a question of exceptional importance.

## CONCLUSION

For the reasons set forth above, this matter should be reheard or reheard en banc.

Respectfully submitted,

/s/ Kevin M. Cafferkey\
**KEVIN M. CAFFERKEY, (#0031470)**
Attorney for Defendant/Appellant
55 Public Square
2100 Illuminating Building
Cleveland, OH 44113
(216) 363-6014
kmcafferkey@hotmail.com

13

## **CERTIFICATE OF COMPLIANCE**

This brief complies with the type-volume limitations and is submitted pursuant to Rule 35(b)(2)(A) because it contains fewer than 3,900, excluding the parts of the document exempted by Federal Rule of Appellate Procedure 32. This document contains 3,081 words.

Dated: January 18, 2024

                                        /s/ Kevin M. Cafferkey_____
                                        **KEVIN M. CAFFERKEY, (#0031470)**
                                        Attorney for Defendant/Appellant
                                        55 Public Square
                                        2100 Illuminating Building
                                        Cleveland, OH 44113
                                        (216) 363-6014
                                        kmcafferkey@hotmail.com

## CERTIFICATE OF SERVICE

I hereby certify that on January 18, 2024 a copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the court's electronic filing system. Parties may access this filing through the court's system. A copy was sent via ordinary mail to:

**Kenneth Jackson**
Register Number: 61853-060
Hazelton FCI
Federal Correctional Institution
PO Box 5000
Bruceton Mills, WV 26525

/s/ Kevin M. Cafferkey_____
**KEVIN M. CAFFERKEY, (#0031470)**
Attorney for Defendant/Appellant